### UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

IN RE: SAMANTHA S.
KUMARAN LITIGATION                                        MDL No. 3156

### ORDER DENYING TRANSFER

**Before the Panel**:  Plaintiff in three actions, Samantha S. Kumaran, who is proceeding *pro se*, moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Connecticut.  This litigation consists of four actions pending in two districts, as listed on Schedule A.  Plaintiffs Nefertiti Risk Capital Management, LLC (NRCM); Nefertiti Asset Management, LLC (NAM); and Nefertiti Holding Corporation (NHC) join the motion.[1]  Responding parties ADM Investor Services, Inc. (ADMIS), Thomas Kadlec, the National Futures Association (NFA) defendants,[2] and the Vision defendants[3] oppose the motion for centralization.  All stated in their oral argument notices that, if the Panel deems centralization appropriate, they prefer the Southern District of New York as the transferee district.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation.  In all but the *High Ridge* action, plaintiffs allege that defendants engaged in a scheme to defraud commodities futures customers, including plaintiffs.  Ms. Kumaran alleges defendants induced her to open accounts, outsourced discretionary authority, failed to disclose agreements among them, exchanged non-public information, and imposed excessive fees.  These three actions involve common factual questions regarding a fraudulent scheme in which plaintiffs allege that all defendants played a role.  Moreover, in *High Ridge* and two other actions, the parties are litigating over confirmation or vacatur of an arbitration award issued in 2023 in defendants' favor.  While defendants have sought to confirm the award, plaintiffs argue the arbitration was biased and the award must be vacated.  The Southern District of New York confirmed the award

---

[1]     Plaintiffs NRCM, NHC, and NAM are companies that are or were owned by Ms. Kumaran. Plaintiff NRCM is also the named defendant in the District of Connecticut *High Ridge* action.

[2]     NFA and two of its employees:  Vilia Sutkus-Kiela and Nicole Wahls.

[3]     Vision Financial Markets, LLC (Vision Financial); Vision Investment Advisor, Inc.; Vision Brokerage Service, LLC; H Rothman Family Advisors, Inc.; Boshnack Family, LLC; High Ridge Holding Corporation, Inc.; High Ridge Futures, LLC; Howard Rothman; Robert Boshnack; John Felag; Gerard Stephen Lazzara; and Lazzara Consulting, Inc.

- 2 -

in January 2025. Motions to confirm the award and to vacate the award are now pending in the District of Connecticut.

Despite the presence of overlapping factual issues, we are not persuaded that centralization is needed for these cases. There are just four cases pending before two judges, and the District of Connecticut judge has stayed his ruling on overlapping issues in deference to the Southern District of New York judge. Informal coordination of any overlapping issues by the involved courts, parties, and counsel seems practicable and preferable to centralization. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("[W]here only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization."). While plaintiffs argue that discovery will overlap, that argument appears premised on the assumption that the arbitration award at issue will be overturned, and it ignores the advanced procedural status of these cases. Three cases have been pending since 2020. While not certain, resolving the dispute over the arbitration award's confirmation may resolve the bulk of the underlying claims against several defendants. Though plaintiffs argue that the motions to confirm or vacate the arbitration award should be heard in one proceeding, Judge Gregory H. Woods in the Southern District of New York already has issued a ruling, which plaintiffs have appealed. Centralization, therefore, would not streamline those proceedings or prevent any possibility of inconsistent rulings.

Plaintiffs seek to proceed with all their claims in the District of Connecticut, rather than in the Southern District of New York, where their claims have been pending for as long as five years. Plaintiff NRCM argues that it has "documented a long pattern of inequitable and erroneous rulings" by Judge Woods that it contends "have been consistently prejudicial to Plaintiffs." After the close of briefing, Ms. Kumaran moved to recuse Judge Woods. We have long held that "[t]he prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contentions are simply not factors considered by the Panel in determining whether and to where transfer under Section 1407 is appropriate." *In re Beef Indus. Antitrust Litig.*, 419 F. Supp. 720, 722 (J.P.M.L. 1976). Further, "evading the perceived bias of the judges that have been assigned [these] actions in the [two putative transferor districts]—is not a proper basis for centralization." *In re David Kissi, et al., Litig. (No. III)*, 923 F. Supp. 2d 1367, 1369 (J.P.M.L. 2013).

Given the limited number of parties and courts and significant overlap among the parties, we are of the view that informal cooperation and coordination are adequate alternatives to centralization that should work to minimize any duplication in pretrial proceedings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978).

- 3 -

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_Karen K. Caldwell_
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: SAMANTHA S.
KUMARAN LITIGATION**                                          MDL No. 3156

## SCHEDULE A

District of Connecticut

KUMARAN, ET AL. v. VISION FINANCIAL MARKETS, LLC, ET AL.,
    C.A. No. 3:22−01653
HIGH RIDGE FUTURES, LLC v. NEFERTITI RISK CAPITAL MANAGEMENT,
    LLC, C.A. No. 3:24−00641

Southern District of New York

KUMARAN, ET AL. v. NATIONAL FUTURES ASSOCIATION, ET AL.,
    C.A. No. 1:20−03668
KUMARAN, ET AL. v. ADM INVESTOR SERVICES, INC., C.A. No. 1:20−03873